GENOVA, MALIN & TRIER, LLP.  
Attorneys for the Debtor  
Hampton Business Center  
1136 Route 9  
Wappingers Falls NY 12590  
(845) 298-1600  
Andrea B. Malin, Esq.  
Michelle Trier, Esq.

DATE: MARCH 11, 2025  
TIME: 10:00 A.M.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
POUGHKEEPSIE DIVISION  
------------------------------------------------------X  
IN RE

DAVID MARCINAK,

        Debtor.  
------------------------------------------------------X

CHAPTER 13  
CASE NO. 23-35788(KYP)

### NOTICE OF MOTION FOR ORDER UNDER 11 U.S.C. §1329(a)(1) TO MODIFY DEBTOR'S CONFIRMED CHAPTER 13 PLAN AND PURSUANT TO 11 U.S.C. §§330 AND 503 GRANTING FEES, COSTS AND DISBURSEMENTS TO GENOVA, MALIN & TRIER, LLP

**PLEASE TAKE NOTICE** that upon the application of DAVID MARCINAK, by his attorneys, GENOVA, MALIN & TRIER, LLP., the undersigned will move this Court before the Hon. Kyu Young Paek, United States Bankruptcy Judge, at the United States Bankruptcy Courthouse, 355 Main Street, Poughkeepsie, New York, on the 11th day of March, 2025 at 10:00 a.m., in the forenoon of that day, or as soon thereafter as counsel can be heard for an Order:

        (a) pursuant to 11 U.S.C. §1329(a)(1) modifying the debtor's confirmed Chapter 13 plan to provide for the payment of additional fees awarded to GENOVA, MALIN & TRIER,

LLP. post-confirmation of the debtor's Chapter 13 Plan; and

    (b) pursuant to 11 U.S.C. §330, granting the fee application of GENOVA, MALIN & TRIER, LLP. for a flat fee in the sum of EIGHT HUNDRED SEVENTY-FIVE DOLLARS ($875.00) for the preparation of this Motion;

    © for such other and further relief as to the Court may seem just and proper.

    **PLEASE TAKE FURTHER NOTICE**, that answering papers, if any, shall be served upon and received by counsel for the debtor at the address indicated below and filed with the Court together with proof of such service, no later than seven (7) days prior to the return date hereof.

Dated: Wappingers Falls, New York
    February 13, 2025

              GENOVA, MALIN & TRIER, LLP.
              Attorneys for the Debtor

        By: /s/Andrea B. Malin
           ANDREA B. MALIN (AM4424)
           Hampton Business Center
           1136 Route 9
           Wappingers Falls NY 12590
           (845) 298-1600

GENOVA, MALIN & TRIER, LLP.
Attorneys for the Debtor
1136 Route 9
Wappingers Falls NY 12590
(845) 298-1600
Andrea B. Malin, Esq.
Michelle Trier, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
-------------------------------------------------------X
IN RE
                                                                       **CHAPTER 13**

DAVID MARCINAK,                          **CASE NO. 23-35788(KYP)**

                Debtor.
-------------------------------------------------------X

**AFFIRMATION IN SUPPORT OF MOTION FOR ORDER UNDER 11 U.S.C. §1329(a)(1) TO MODIFY DEBTOR'S CONFIRMED CHAPTER 13 PLAN AND PURSUANT TO 11 U.S.C. §§330 AND 503 GRANTING FEES, COSTS AND DISBURSEMENTS TO GENOVA , MALIN & TRIER, LLP WITH POINTS OF LAW**

**TO THE HONORABLE KYU YOUNG PAEK, U. S. BANKRUPTCY JUDGE:**

        ANDREA B. MALIN, duly admitted to practice law before this Court, alleges upon information and belief:

        1. On September 20, 2023, the debtor filed a voluntary petition with this Court under Chapter 13 of the Bankruptcy Code. The plan provided that the debtor would make payments to the Chapter 13 Trustee for a period of SIXTY (60) months.

        2. The debtor's plan was confirmed by Order of this Court. (See Docket No. 87)

        3. The debtor's confirmed Chapter 13 Plan provides for the following payments to the Trustee: $925.00 for SEVEN (7) months; $1,195.00 for TWO (2) months; and $1,255.00 for FIFTY-ONE (51) month. As of January, 2025, the debtor has paid to the Trustee the total sum

of SIXTEEN THOUSAND SEVEN HUNDRED THIRTY-FIVE DOLLARS ($16,735.00.) Annexed hereto as **Exhibit "A"** is a copy of the Trustee's Summary of Payments Received from the debtor.

4. The debtor has incurred additional fees and expenses that are the subject of a Fee Application returnable before this Court on March 11, 2025 pursuant to which the GENOVA, MALIN & TRIER, LLP. (the "Firm") seeks an award in the sum of FOUR THOUSAND ONE HUNDRED SIXTY DOLLARS AND THIRTY-FOUR CENTS ($4,160.34.)

5. In order for the debtor to consummate his Chapter 13 Plan with this Court due to incurring additional attorneys fees, costs and disbursements in this case, the debtor wishes to modify his plan, pursuant to 11 U.S.C. §1329 (a)(1), commencing on the February, 2025 monthly plan payment, up to and including the end of the plan.

6. The debtor's Proposed Modified Plan provides for monthly payments to the Trustee as follows: $1,045.93 a month for SIXTEEN (16) months and $1,405.00 a month for FORTY-FOUR (44) months commencing with the February, 2025 plan payment. Annexed hereto as **Exhibit "B"** is a copy of the debtor's Proposed Modified Chapter 13 Plan.

7. Additionally, in accordance with the debtor's Retainer Agreement and 2016(b) filed with this Court, the Firm has agreed to charge the debtor a flat fee in the sum of EIGHT HUNDRED SEVENTY-FIVE DOLLARS ($875.00) for the filing and prosecution of the instant Motion to Modify the Debtor's Chapter 13 Plan.

8. The amendment will enable the debtor to satisfy the outstanding fees owed to the Firm in accordance with the Debtor's Retainer Agreement and 2016(b) Statement filed with this Court.

9. The modification of the debtor's plan will not cause the plan to extend past the allowable SIXTY (60) month period provided by the United States Bankruptcy Code.

10. No previous application has been made for the relief sought herein.

**ARGUMENT**

**POINT I**

**THE DEBTOR'S PLAN SHOULD BE MODIFIED
PURSUANT TO 11 U.S.C. §1329**

The debtor's confirmed Chapter 13 plan should be modified as it satisfies the requirements of 11 U.S.C. §1329. In re Solis, 172 B.R. 530 (Bankr.S.D.N.Y. 1994); In re Litton, 330 F.3d 636 (4th Cir., 2003); In re Welch, 1998 WL 773999 (6th Cir. Tenn. 1998). Post-confirmation modification of a debtor's Chapter 13 Plan is controlled by 11 U.S.C. §1329. Id. Section 1329 of the United States Bankruptcy Code (the "Code") provides:

> (a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor..., to –
>
> (1) increase or reduce the amount of payments on claims of particular class provided for by the plan....
>
> (b)(1) Sections 1322(a), 1322(b), and 1323© of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section.
>
> (2) The plan as modified becomes the plan unless, after notice and a hearing, such modification is disapproved.

The plain language of Section 1329 permits a debtor to modify a confirmed Plan to increase the amount of the payments thereunder. 11 U.S.C. §1329(a); In re Sunahara, supra.; In re Allio, 2012 WL 2792351 (N.D.Cal.); In re Mattson, 468 B.R. 361 (9th Cir. BAP 2012); In re Mallari, (*Warr &*

*Associates, Inc. v. Ruskin*) 2012 WL 4855180 (E.D.Mich.).

When making the determination to permit modification of a plan, the Court must first determine that the modification request has been made in good faith. "[D]eterminations of good faith are made on a case-by-case basis, after considering the totality of the circumstances." In re Mattson, 468 B.R. 361, 372 (BAP 9th Cir. 2012). Factors that are relevant to a finding of good faith include, but are not limited to, the

> debtor's overall financial condition including, without limitation, the debtor's current disposable income, the likelihood that the debtor's disposable income will significantly increase due to [greater] income or decreased expenses over the remaining term of the original plan, the proximity of time between confirmation of the original plan and the filing of the modification motion, and the risk of default over the remaining term of the plan versus the certainty of immediate payment to creditors.

Id. at 370-371.

In the instant case, the debtor seeks to have the plan modified in good faith, as the Modification of the Plan is requested to enable the debtor to achieve discharge and obtain a fresh start. Accordingly, it should be determined by this Court that the debtor seeks to modify his Chapter 13 Plan in good faith.

Once it has been determined that a modification has been filed in good faith, a court must then confirm that the modification satisfies Section 1329(b)(1), which requires compliance with 11 U.S.C. §§1322(a), 1322(b), 1323© and 1325(a). 11 U.S.C. §1329; In re Solis, supra.; In re Litton, supra.; In re Welch, supra. Sections 1322(a) and 1322(b) set forth what a debtor may accomplish

through the debtor's Chapter 13 Plan. Section 1323© provides that a secured creditor is deemed to have accepted the modification of the plan, provided that, the treatment of that secured creditor's claim has not been modified.

The debtor's proposed modified Chapter 13 Plan squarely meets the requirements of 11 U.S.C. §§1322(a) and 1322(b).

Section 1325(a) of the United States Bankruptcy Code (the "Code") provides, in relevant part:

> (a) [T]he court shall confirm a plan if –
>
> (1) The plan complies with the provisions of this chapter and with the other applicable provisions of this title;
>
> (2) Any fee, charge, or amount required under chapter 123 of title 28. . . , or by the plan, to be paid before confirmation, has been paid;
>
> (3) The plan has been proposed in good faith and not by any means forbidden by law;
>
> (4) The value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;
>
> (5) With respect to each allowed secured claim provided for by the plan –
>
> (A) the holder of such claim has accepted the plan;
>
> (B)(I) the plan provides that -
> (I) the holder of such claim retain the lien securing such

claim until the earlier of –

   (aa) the payment of the underlying debt determined under nonbankruptcy law; or

   (bb) discharge under section 1328; and

  (ii) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law; and

  (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less that the allowed amount of such claim...

 (6) The debtor will be able to make all payments under the plan and to comply with the plan . . .

 First, the debtor's plan complies with the provisions of Chapter 13 and the Bankruptcy Code.

 Second, the debtor has paid all required fees.

 Finally, the value of the debtor's property as of the date of this modification to be distributed to his unsecured creditors is not less than said creditors would receive if the debtor's case was converted to a case under Chapter 7 of the Code.

 Accordingly, as the debtor has satisfied all statutory requirements for the modification of his confirmed Chapter 13 Plan, the debtor respectfully requests that the Court enter an Order Modifying the Debtor's Plan as proposed, pursuant to 11 U.S.C. §1329.

## POINT II

## THIS COURT SHOULD GRANT THE FINAL FEE APPLICATION OF GENOVA, MALIN & TRIER, LLP. AS COUNSEL FOR APPROVAL AND ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT

This application is made by the Firm for an allowance of additional compensation for professional services rendered to and on behalf of the debtor for the instant Motion. Your applicant has acted as legal counsel to the debtor and has performed all of the necessary professional legal services in connection therewith. The Firm has agreed to accept a flat fee in the sum of EIGHT HUNDRED SEVENTY-FIVE DOLLARS ($875.00 for the fees and expenses incurred by the debtor in accordance with the debtor's retainer agreement on this Motion. A copy of the Rule 2016(b) Statement filed in this case is attached hereto as **Exhibit "B"**. A copy of the Retainer Agreement is annexed hereto and made a part hereof as **Exhibit "C."**

### ALLOWANCE OF COMPENSATION

The allowance of compensation to estate professionals is governed by Section 330(a)(1)(A) of the Bankruptcy Code, which authorizes courts to award "reasonable compensation for actual, necessary services rendered." Section 330(a)(3) provides guidance for determining whether compensation is reasonable, pointing out that courts should:

> consider the nature, the extent, and the value of such services, taking into account all relevant factors, including - (A) the time spent on such services; (B) the rate charged for such services; © whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the

7

completion of a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

The congressional policy expressed above provides for adequate compensation in order to continue to attract qualified and competent professionals to bankruptcy cases. In re Drexel Burnham Lambert Group, Inc., 133 B.R. 13, 18 (B.Ct.S.D.N.Y. 1991) ("Congress' objective in requiring that the market, not the Court, establish attorneys' rates was to ensure that bankruptcy cases were staffed by appropriate legal specialists."). The Firm respectfully submits that consideration of these factors should result in the Court's allowance of the full amount of compensation sought.

In this case, should the Firm require the debtor to pay the Firm's fees in accordance with the debtor's Retainer Agreement, the fee and expenses owed to the Firm would be no less than the total sum of $2,590.00 ($450.00 per hour for partner time of approximately 4.3 hours, $200.00 per hour for paralegal time of approximately 2.9 hours of paralegal and approximately $75.00 of expenses.). As such, this Court should find that the flat fee of TWO HUNDRED TWENTY DOLLARS ($220.00) is both reasonable and necessary.

Additionally, awarding the Firm the flat fee will not render the debtor's plan

infeasible. Accordingly, should the Motion to Modify be granted, the debtor will be able to consummate a feasible Chapter 13 Plan and will be entitled to receive his discharge.

No prior applications have been made for an award of the fees in this case. Accordingly, the debtor respectfully requests that this Court grant the Fee Application of GENOVA, MALIN & TRIER, LLP., as set forth herein.

**WHEREFORE,** the debtor respectfully requests that an Order be entered pursuant to 11 U.S.C. §1329 modifying his confirmed Chapter 13 Plan in accordance with the terms of the debtor's Proposed Modified Plan annexed hereto; for an award of a flat fee in the sum of EIGHTY HUNDRED SEVENTY-FIVE DOLLARS ($875.00) for work performed on the instant Motion; and granting to the debtor such other and further relief as seems proper to this Court.

Dated: Wappingers Falls, New York
February 13, 2025

GENOVA, MALIN & TRIER, LLP.
Attorneys for the Debtor

By: /s/ Andrea B. Malin
ANDREA B. MALIN (AM4424)
1136 Route 9
Wappingers Falls NY 12590
(845) 298-1600